ARTHUR M. BEALE *vs.* COLUMBIA SECURITIES COMPANY
& another.

Suffolk. March 5, 1926. — June 4, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Corporation*, By-laws, Quorum.

By-laws of a corporation provided that at a stockholders' meeting "a majority in interest of stock, entitled to vote at such meeting, issued and outstanding shall constitute a quorum." At the time of a certain meeting, there were one thousand, two hundred eighty-two shares outstanding, and nine hundred five shares were present, of which three hundred forty shares were enjoined from voting by a decree in an equity suit. *Held*, that a quorum for the transaction of business was not present.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on December 4, 1925, for a writ of man-

damus to compel recognition of the petitioner as clerk of the respondent corporation.

The petition was heard by *Carroll,* J.   Material facts found by him are stated in the opinion.   The single justice ruled as a matter of law that the petition must be dismissed. The petitioner alleged exceptions.

*A. M. Beale, pro se.*

*C. M. Cram,* for the respondents.

CROSBY, J.   This is a petition for a writ of mandamus brought against the defendant corporation and the respondent, Charles M. Cram, who was the clerk of the corporation on April 16, 1925, on which date a special meeting of the stockholders was held to elect a treasurer, clerk, directors and other officers, and for other purposes referred to in the notice of the meeting.   A single justice of this court, before whom the case was heard, ruled that as matter of law the petition be dismissed, to which ruling the petitioner excepted.

The petitioner contends that he was duly elected clerk of the corporation at the meeting above referred to.   Article 5, Section 1, of the by-laws of the corporation is as follows: "The annual meetings of the stockholders shall be held at the office of the corporation in Boston, on the third Tuesday in January in each year after 1910, and a majority in interest of stock, entitled to vote at such meeting, issued and outstanding shall constitute a quorum.   The preferred stock being restricted as to voting power, under articles of Association."   The special meeting so held was in lieu of the annual meeting.   At this special meeting a roll call showed the following shares present or represented:

"Estate of D. M. James by A. M. Beale, Admr. 143 shares common, 27 shares preferred;

"H. J. James, 422 shares common and 44 shares preferred;

"Estate of D. W. James, Alice James, Admrx. represented by H. J. James proxy, 340 shares common and 55 shares preferred."

No other stock was present or represented.   The total number of shares of stock issued and outstanding was twelve hundred and eighty-two shares of common and one hundred and seventy-three of preferred.

A preliminary restraining order was issued by the Superior Court for Suffolk County on the same date that the meeting was held, in a suit brought by one Stewart James, an heir of D. W. James, against Alice James and H. J. James, as her proxy or attorney in fact, restraining them and each of them "from voting the 350 shares of common and 55 shares of the preferred stock of the" corporation at the meeting to be held on April 16, 1925. This restraining order was served on H. J. James at the meeting after the roll call, but before a clerk was voted for. Afterwards it was voted that the stockholders proceed to the election of a clerk of the corporation, and the petitioner, on the ballots cast, received five hundred and sixty-five votes of common stock and seventy-one of preferred, no stock being voted for any other person. The petitioner alleges that there was not a quorum present without the stock of the estate of D. W. James, but that there was a quorum if it was present at the meeting and entitled to vote. The stock belonging to D. W. James was present at the meeting, but was not voted. The question is, Was the petitioner legally elected clerk of the corporation?

The answer to that question depends upon whether a quorum was present in accordance with article 5, section 1, of the by-laws. This by-law in plain language provides that a majority in interest of stock "entitled to vote at such meeting, issued and outstanding shall constitute a quorum." Since the voting at this meeting of the stock belonging to the estate of D. W. James had been specifically restrained and enjoined by order of the Superior Court, it could not lawfully have been voted. It follows that it was not "entitled to vote." The fact that it was present did not entitle it to be voted, in view of the restraining order. No action could be taken at the meeting in the absence of a quorum as defined by the by-law. Where a corporation by its by-laws defines what shall constitute a quorum, it means a quorum for the transaction of business. This is not like a case where stock is present and entitled to vote but the holders of it refrain from voting. The effect of the restraining order, while it remained in force, was to prevent a quorum being present and entitled to vote at a meeting of the stockholders.

The petitioner contends that if the D. W. James estate stock was not entitled to be voted at the meeting, then the remaining stock entitled to vote at such meeting, issued and outstanding, was nine hundred and forty-two shares of common and one hundred and eighteen shares of preferred; and that, there having been five hundred and sixty-five shares of common and seventy-one shares of preferred represented, there was a clear majority of each class entitled to vote at the meeting. This contention is not tenable, as the total amount of stock issued and outstanding was twelve hundred and eighty-two shares of common and one hundred and seventy-three of preferred, and, although there was a majority of these shares present there was not present a majority "entitled to vote."

The single justice rightly ruled that as matter of law the petition should be dismissed.

*Exceptions overruled.*